```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    NORTHERN DIVISION
```

DELOIS B. ANDERSON,             *
                                *
    Plaintiff,                  *
                                *
vs.                             *   Civil Action 09-00531-KD-B
                                *
MICHAEL J. ASTRUE,              *
Commissioner of                 *
Social Security,                *
                                *
    Defendant.                  *

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Unopposed Motion to Remand pursuant to sentence six of 42 U.S.C.S. § 405(g) and § 1383(c)(3). (Doc. 8). This motion has been referred to the undersigned for a recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3). Upon consideration of all matters presented, the undersigned recommends that Defendant's motion be **GRANTED**, and that this action be remanded to the Commissioner of Social Security for further administrative action.

According to 42 U.S.C.S. § 405(g), "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security[.]" 42 U.S.C.S. § 405(g). In his Motion, the Commissioner seeks remand because he is unable to locate the claim file regarding the Administrative Law Judge's

April 5, 2007 decision. He requests that this case be remanded so that he can locate or reconstruct the claim file regarding the Administrative Law Judge's April 5, 2007 decision. (Doc. 10 at 2). The Commissioner further asserts that Plaintiff, through counsel, has been contacted and has no opposition to the Motion to Remand. (Id.)

That portion of 42 U.S.C. § 405(g) which is pertinent to this matter has three components which must be satisfied before this Court can consider a remand: there must be 1) a motion by the Commissioner; 2) made for good cause shown, and 3) before the filing of an answer. In this case, the Commissioner's motion was filed before any answer by the Commissioner; thus, the only issue before the Court is whether the Commissioner has demonstrated good cause. The resolution of this issue is assisted by reference to the legislative history of the Joint Conference Committee of Congress in reporting upon the Social Security Disability Amendments of 1980, in which the Committee discussed situations which may constitute "good cause" for remand:

> Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the [Commissioner] for appropriate action to produce a record . . . .

H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980).

Here, the Commissioner's pre-answer concession that this case should be remanded to allow the Commissioner to locate or

reconstruct the claim file regarding the Administrative Law Judge's April 5, 2007 decision constitutes good cause to remand this case to the Commissioner for further proceedings.  See, e.g., Gamble v. Apfel, 2001 WL 102344 (S.D. Ala. Jan. 5, 2001); Patt v. Apel, 1999 U.S. DIST. LEXIS 14102, *2-3 (S.D. Ala. Jun. 22, 1999).

In entering sentence six remands, the courts "[do] not rule in any way as to the correctness of the administrative determination." Melkonyan v. Sullivan, 501 U.S. 89, 98, 111 S. Ct. 2157, 2163, 115 L. Ed. 2d 78 (1991).  Accordingly, Plaintiff is not a prevailing party for purposes of the Equal Access to Justice Act ("EAJA").  28 U.S.C. § 2412.  See, Shalala v. Schafer, 509 U.S. 292, 297-298 and 300-302, 113 S. Ct. at 2629 and 2631-2632 (1993); Melkonyan, 501 U.S. at 102, 111 S. Ct. at 2165 (holding that "[i]n sentence six cases, the [EAJA] filing period does not begin until after the postremand proceedings are completed, the [Commissioner] returns to court, the court enters a final judgment, and the appeal period runs[]").

Wherefore, upon consideration of all matters presented, and for good cause shown, the undersigned Magistrate Judge recommends that Defendant's Motion to Remand be **GRANTED** and this cause remanded to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for action consistent with Defendant's Motion to Remand.

The attached sheet contains important information regarding objections to the <u>Report and Recommendation</u> of the Magistrate Judge.

DONE this **20th** day of **November, 2009.**

                                                    **/s/ SONJA F. BIVINS**
                                         **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. FED. R. CIV. P. 72; SD ALA LR 72.4(b).

3.  **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate

judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                            **/s/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**